February 3.

---

### THE PEOPLE, on the relation of Cortleyou, vs. SENECA C. P.

A *certiorari* to remove a justice's judgment into the common pleas, must be *allowed* by an officer residing within the county where the judgment was rendered.

MOTION for a mandamus. A *certiorari* was issued to justice of Seneca county, to remove a judgment rendered by him, into the *Seneca* common pleas. The certiorari was

February 3.

allowed by a *supreme court commissioner* residing in *Ontario*. The certiorari was quashed by the common pleas, on the ground that the commissioner allowing the certiorari had no authority to allow it, and a motion is now made for a mandamus, directing the common pleas to vacate the rule quashing the certiorari.

*J. M'Allister*, for relator.

*J. Clark*, contra.

*By the Court*, SAVAGE, Ch. J. The statute regulating proceedings on *certiorari* removing justice's judgments into the common pleas, prescribes that the party intending to apply for a *certiorari*, shall present the affidavit setting forth the substance of the proceedidgs in which it is alleged error has intervened, to the first judge of the county courts, *where* the judgment was rendered, or to some other judge or officer authorized to perform the duties of a justice of the supreme court at chambers, to obtain an allowance of the certiorari. *2 R. S.* 255, § 171, 172. The language of this provision seems to be broad enough to authorize *any* supreme court commissioner to allow a certiorari; but, by another provision of the revised statutes, supreme court commissioners are declared to be *local* officers, and are confined in the execution of their duties to the *district* or *county* for which they are appointed. *1 R. S.* 101, § 11. This latter provision may perhaps generally be considered as complied with, where such officers are limited to the performance *within their district or county*, of such duties as they shall be called upon to discharge; but a *certiorari*, I am inclined to think, can be allowed only by *an officer residing in the county* where the judgment was rendered. The certiorari in this case having been allowed by an officer residing in another county, the common pleas decided correctly in quashing the writ, and the mandamus must be denied, with costs.