ALBANY,
June 1832.

The People.
v.
Rensselaer
C. P.

THE PEOPLE, on the relation of Brockway, *vs.* RENSSELAER C. P.

An *appeal* may be allowed by a *commissioner*, although he do not reside in the county where the judgment is rendered.

MOTION for a mandamus. The common pleas of Rensselaer quashed an appeal from a justice's judgment, rendered in Rensselaer county, on the ground that it was allowed by a *commissioner* residing in Albany.

June 7.

*By the Court,* NELSON, J. In *The People* v. *Seneca, C. P.,* 6 Wendell, 517, this court decided that a *certiorari* to remove a justice's judgment into the common pleas, must be allowed by an officer residing within the county where the judgment was rendered. The language of the section designating the officers authorized to allow *appeals,* is broader than that used in the section in relation to *certioraris,* and distinctly gives power to *commissioners* to allow appeals. 2 R. S. 256, § 172; 258, § 187. Since the decision in 6 Wendell, the legislature have passed a law giving the power to allow a *certiorari* to commissioners, without reference to their residence, which was unquestionably intended to remedy the defect in the revised statutes. Had the clause in relation to the allowance of appeals been supposed to have been within the mischief intended to be remedied, it no doubt would have been included in the amendatory law. It is not, and the omission supports the construction we have adopted. Let an alternative mandamus issue.